J-S19024-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER FRED MBEWE | : | |
| | : | |
| Appellant | : | No. 1301 WDA 2025 |

Appeal from the PCRA Order Entered September 23, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000592-2006

BEFORE: SULLIVAN, J., NEUMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NEUMAN, J.:            **FILED: June 15, 2026**

Appellant, Christopher Fred Mbewe, appeals *pro se* from the September 23, 2025 order denying, as untimely, his fifth petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

This Court previously set forth the procedural history of Appellant's case, as follows:

> On July 14, 2009, a jury convicted [Appellant] of the First[-]Degree Murder of his mother-in-law[,] and on October 10, 2009, the court sentenced him to a term of life imprisonment without parole pursuant to 18 Pa.C.S. § 1102(a). A panel of this Court affirmed the judgment of sentence on October 26, 2011, and the Pennsylvania Supreme Court denied further review on October 5, 2012. **See Commonwealth v. Mbewe**, 37 A.3d 1246 (Pa. Super. filed Oct. 26, 2011) (unpublished memorandum), *appeal denied*, 54 A.3d 348 (Pa. 2011).
>
> [Appellant] filed three PCRA petitions between November 27, 2012, and September 8, 2017. The PCRA court denied the first

---

[*] Former Justice specially assigned to the Superior Court.

petition on December 18, 2014. This [C]ourt affirmed the denial and the Pennsylvania Supreme Court denied [Appellant]'s petition for allowance of appeal. *See Commonwealth v. Mbewe*, 135 A.3d 661 (Pa. Super. filed Dec. 16, 2015) (unpublished memorandum), *appeal denied*, 136 A.3d 980 (Pa. 2016). The PCRA court denied his second petition on May 2, 2017, and this Court affirmed the denial on March 3, 2018; further review was denied. *See Commonwealth v. Mbewe*, 188 A.3d 525 (Pa. Super. [filed] Mar. 13, 2018) (unpublished memorandum), *appeal denied*, 193 A.3d [889 (Pa. ]2018). The PCRA court denied his third petition on October 23, 2018, and no appeal was filed.

On November 19, 2020, [Appellant] filed a petition for writ of *habeas corpus*…. The [PCRA] court treated the request for relief as [Appellant's fourth] PCRA petition, issued [Pa.R.Crim.P.] 907 notice of its intent to deny the petition, and formally denied it as untimely on February 24, 2020.

*Commonwealth v. Mbewe*, No. 470 WDA 2020, unpublished memorandum at 2-3 (Pa. Super. filed July 8, 2021) (some formatting modified; one internal citation omitted). Ultimately, this Court affirmed on appeal. *See id.*

On October 23, 2023, Appellant filed a fifth PCRA petition, which underlies his instant appeal. Therein, Appellant alleged the court violated his due process rights by denying his second PCRA petition without an evidentiary hearing. On November 9, 2023, the PCRA court appointed Patrick K. Nightingale, Esquire, to represent Appellant. On December 3, 2023, Attorney Nightingale filed a petition to withdraw as counsel and a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). In the *Turner*/*Finley* letter, counsel concluded Appellant's fifth petition is without merit, as it cannot satisfy the jurisdictional timeliness requirements and the issue raised had been previously litigated. On June 5, 2024, the PCRA

court granted Attorney Nightingale's motion to withdraw. On August 27, 2025, the PCRA court filed a Rule 907 notice of its intent to dismiss Appellant's petition without a hearing, as it was time barred. On September 15, 2025, Appellant filed *pro se* objections to the PCRA court's Rule 907 notice. On September 23, 2025, the PCRA court issued an order dismissing his petition, concluding that "to be timely…, [Appellant] was required to file his petition no later than January 4, 2014. The instant petition was not filed until October 23, 2023," and Appellant had not met his burden of proving a timeliness exception applies. Order, 9/23/25, at unpaginated 1 (unnecessary capitalization omitted). Appellant filed a timely, *pro se* notice of appeal on October 14, 2025. He and the PCRA court thereafter complied with Pa.R.A.P. 1925.[1]

On appeal, Appellant states two issues for our review, which we reproduce *verbatim*:

> A. The issue of appointment of new PCRA counsel upon a petitioner making timely claims of ineffective assistance of counsel involves two claims from the Concise Statement of Errors complained of on appeal and will address both claims combined:

_____

[1] Confusingly, in its Rule 1925(a) opinion, the PCRA court incorrectly refers to a November 29, 2022 writ of *habeas corpus* petition filed *pro se* by Appellant, and not his October 23, 2023 PCRA petition. However, the court's order denying Appellant's petition clearly referred only to the October 23, 2023 PCRA petition. Additionally, in their briefs, both Appellant and the Commonwealth refer only to the instant October 23, 2023 petition. Thus, we consider the court's reference to the petition for writ of *habeas corpus* to be a typographical error.

#6. Did the PCRA court err and/or abuse its discretion in denying Appellant's first request/motion for new PCRA counsel; and

#9. Did the PCRA court err and/or abuse its discretion in denying Appellant's second request/motion for new PCRA counsel (made in combination with the Objections); and

B. #2. The PCRA court's final order does not specify any basis at all for the PCRA court's denial of all claims and all relief requested. This Appellant cannot be any more specific in its statement of errors. As such, the trial court's vague order leaves the Appellant unable to ascertain the trial court's rationale for it's ruling.

More specifically, did the PCRA court err and/or abuse its discretion in failing to provide an autonomous judicial expression for the 907 Notice of Intent to Dismiss, the final dismissal and/or 1925(a) opinion.

Appellant's Brief at 11-12.

Our standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, Section 9545(b)(2) requires that any petition attempting to invoke one of these exceptions "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). Our Supreme Court has emphasized that "it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Marshall**, 947 A.2d 714, 719 (Pa. 2008) (citation omitted).

Here, Appellant's judgment of sentence became final in 2013, and thus, his petition filed in October of 2023 is patently untimely. For this Court to have jurisdiction to review the merits thereof, Appellant must prove he meets one of the exceptions to the timeliness requirements set forth in Section 9545(b). For the following reasons, he fails to meet this burden.

Notably, Appellant does not explain, in the Argument section of his brief, which timeliness exception his PCRA petition satisfies. In fact, the only mention of a timeliness exception is in his Statement of the Case, where he alleges he "filed the instant *pro se* PCRA petition, averring newly[-]discovered[-facts] and the newly[-]discovered[-fact] exception." Appellant's Brief at 13 (unnecessary capitalization omitted). However, he fails to raise or discuss what the alleged newly-discovered-fact is, or how it was unknown to him and could not have been discovered through due diligence. Further, the Commonwealth is under the impression Appellant is attempting to invoke the governmental-interference exception by "claiming that the delay in filing his petition was a result of the [PCRA] court's refusal to hold an evidentiary hearing with regard to his second [PCRA] petition…." Commonwealth's Brief at 7. However, Appellant also fails to raise and discuss this exception in his brief.[2]

Previously, this Court has held:

When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. Citations to authorities must articulate the principles for which they are cited.

---

[2] In any event, we note Appellant has clearly been aware of the PCRA court's failure to hold an evidentiary hearing for his second PCRA petition since May of 2017. Thus, he could not satisfy Section 9545(b)(2), even if his fifth PCRA petition adequately argued a timeliness exception.

- 6 -

> This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.

*Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (citations omitted). Appellant's *pro se* status does not excuse these deficiencies. "Although this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit." *Commonwealth v. Tchirkow*, 160 A.3d 798, 804 (Pa. Super. 2017). As Appellant's brief is wholly lacking any developed discussion regarding a timeliness exception, he has failed to demonstrate that any timeliness exception applies.[3] We

_____

[3] We note Appellant appends to his brief a document, labeled "Exhibit D," entitled "Supplemental Petition for Relief Under the Post-Conviction Relief Act (PCRA) (Appellant's Brief Version)." Therein, Appellant asserts he has met the timeliness exceptions of Section 9545(b)(1)(i) and (ii). *See* Appellant's Brief, Exhibit D at 2. Regarding the newly-discovered-fact exception of Section 9545(b)(1)(ii), Appellant claims the Pennsylvania Innocence Project sent him affidavits from new witnesses that would prove Appellant's innocence. *Id.* at 8. He also contends he meets the governmental-interference exception of Section 9545(b)(1)(i) because the Department of Corrections (DOC) allegedly seized these affidavits from Appellant in 2019 and has yet to return them, thus interfering with his ability to raise his claim. *Id.* at 10-11. Neither of these arguments warrants relief. Even if we liberally construed Appellant's "Exhibit D" as being part of the Argument of his *pro se* brief to this Court, it is clear Appellant has waived his newly-discovered-fact and governmental-interference claims, as he did not raise them in his *pro se* PCRA petition. *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Moreover, even if not waived, Appellant states he discovered these witness affidavits, and the DOC seized them, in 2019. *See* Appellant's Brief, Exhibit D at 9 (stating he received the affidavits "on April 20, 2019"); *id.* at 10 (stating the affidavits were "seized by the … [DOC] … in 2019"). Thus, even if not waived, Appellant could not establish he raised these claims within one-year of discovering them, as required by Section 9545(b)(2).

therefore conclude the PCRA court did not err in dismissing his petition as untimely.

Before concluding, we briefly address several allegations Appellant raises regarding purported procedural errors by the PCRA court. For instance, Appellant argues the PCRA court erred by not appointing him new counsel after permitting Attorney Nightingale to withdraw, as Appellant raised claims of Attorney Nightingale's ineffectiveness before the court. **See** Appellant's Brief at 18-19. However, this is Appellant's fifth PCRA petition and, as such, he was not entitled to the appointment of Attorney Nightingale, let alone another attorney after Attorney Nightingale was permitted to withdraw. **See** Pa.R.Crim.P. 904(C) ("Except as provided in paragraph (H), when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's **first petition** for post-conviction collateral relief.") (emphasis added); Pa.R.Crim.P. 904(D) ("On a second or subsequent petition, when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, **and** an evidentiary hearing is required…, the judge shall appoint counsel to represent the defendant.") (emphasis added).[4]

_____

[4] Appellant claims that once he "asserted PCRA counsel's ineffectiveness, a conflict was created with PCRA counsel such that 'new counsel should have been appointed'" under **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021). Appellant's Brief at 20. Contrary to Appellant's contention, it is clear
*(Footnote Continued Next Page)*

Appellant also contends the court erred by providing an inadequate Rule 907 notice. Appellant's Brief at 22-27. However, this Court has repeatedly held that a PCRA court's failure to comply with the dictates of Rule 907 before dismissing an untimely petition does not automatically constitute reversible error. *See, e.g.*, *Commonwealth v. Zeigler*, 148 A.3d 849, 852 n.2 (Pa. Super. 2016) (stating the "failure to issue Rule 907 notice is not reversible error where the record is clear that the petition is untimely"); *Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013) (observing that where a PCRA petition is untimely, the court's failure to provide a Rule 907 notice "does not automatically warrant reversal").[5] Thus, no relief is due on this claim.

Finally, we recognize that in Appellant's response to the PCRA court's Rule 907 notice, he asserted a claim that Attorney Nightingale was ineffective in representing Appellant in the instant PCRA proceedings.

that *Bradley* does not require the automatic appointment of new counsel when a claim of ineffectiveness is raised, but rather establishes when and how such claims may be raised in the post-conviction context, holding that a "PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal[.]" *Bradley*, 261 A.3d at 401.

[5] We reject Appellant's contention that the PCRA court failed to conduct an independent review of the record and did not sufficiently explain "the exact nature and/or reasoning for the court's decision" to dismiss his petition. Appellant's Brief at 41. The court explained Appellant's petition was untimely, and he had failed to plead and prove that any timeliness exception applied. *See* Order, 9/23/25, at unpaginated 1. Given Appellant's failure to explain, on appeal, what timeliness exception he has satisfied, he has not demonstrated any error or incompleteness in the court's decision.

Appellant also presents claims of Attorney Nightingale's ineffectiveness in his "Supplemental Petition for Relief Under the Post-Conviction Relief Act (PCRA) (Appellant's Brief Version)," attached to his brief as "Exhibit D." **See** Appellant's Brief, Exhibit D at 24. Even if **Bradley** permits Appellant's asserting these ineffectiveness claims in an exhibit attached to his appellate brief, it is clear he is not entitled to relief.

Appellant argues Attorney Nightingale was ineffective "for failing to communicate with [Appellant] at all regarding other and/or additional timeliness exceptions and/or claims available to [Appellant] in the PCRA petition." Appellant's Brief, Exhibit D at 33. He claims that, had Attorney Nightingale contacted him, he would have told counsel about the witness affidavits he received from the Pennsylvania Innocence Project, and that those affidavits had been seized by the DOC. **Id.** Appellant asserts that because Attorney Nightingale could have raised these claims in an amended petition rather than seeking to withdraw, Appellant was prejudiced by counsel's conduct. **Id.** at 34.

We disagree. As set forth in footnote three, *supra*, Appellant admits he knew about the affidavits and the DOC's purported seizure of them in 2019. Thus, even had Attorney Nightingale filed an amended petition raising these claims in 2023, Appellant would have been unable to prove he satisfied Section 9545(b)(2). As such, he was not prejudiced by Attorney Nightingale's purportedly failing to contact him to discover these claims.

Additionally, Appellant avers Attorney Nightingale acted ineffectively by not contacting him because Appellant could have notified counsel about a variety of other issues Appellant wished to raise. **See id.** at 37. However, these issues seemingly allege errors in the investigation of Appellant's case and his trial, and ineffectiveness of his trial counsel. **See id.** at 37-38. Appellant does not explain what timeliness exception these claims meet, nor how he could prove he raised them within one year of discovering them, as required by Section 9545(b)(2). Therefore, he has not established he was prejudiced by Attorney Nightingale's failure to file an amended petition asserting these issues.

Because it is clear from the record before us that Appellant's claims of Attorney Nightingale's ineffectiveness are meritless, we need not remand for the PCRA court to further develop the record. **See Bradley**, 261 A.3d at 403 (stating "appellate courts … have the ability to grant or deny relief on straightforward claims, as well as the power to remand to the PCRA court for the development of the record"). Additionally, his instant petition is untimely and he has failed to demonstrate the applicability of any timeliness exception. Accordingly, no relief is due.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  6/15/2026